UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT G. CHAPMAN, | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| v. | ) No. 4:12-CV-1892 CAS |
| THE WASHINGTON UNIVERSITY, KENNETH KELLER and MARCIA MANNEN, | ) |
|     Defendants/Counterclaim Plaintiffs. | ) |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on plaintiff Robert G. Chapman's motion to remand this action to the Circuit Court for the County of St. Louis, Missouri. Defendants oppose the motion. For the following reasons, the Court will deny plaintiff's motion.

**Background**

As alleged in his original petition, plaintiff brings this employment action against defendant The Washington University ("Washington University") in five counts: constructive discharge (Count I); wrongful discharge (Count II); retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") (Count III); failure to pay overtime wages under state law (Count IV); and failure to pay overtime wages under the FLSA (Count V).[1]

Washington University removed the action, stating in its notice of removal that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 because of the two counts arising

---

[1] On December 14, 2012, while the motion to remand was pending in this Court, plaintiff amended his complaint to add defendants Kenneth Keller and Marcia Mannen and to add Counts VI and VII. The amended complaint realleges Counts III and V under the FLSA. It does not change the original basis for federal jurisdiction. In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938).

under federal law, namely the FLSA. Plaintiff moves to remand, stating that his state law claims predominate this action. Plaintiff asks the Court to "exercise its discretion to decline supplemental jurisdiction on [the state law] claims and to remand this entire action to state court." Pl.'s Mot. to Remand at 4.

**Discussion**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, the removal statute, any civil action "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. Id. "So the question becomes whether the action as originally brought would have been within the District Court's federal-question jurisdiction, see 28 U.S.C. § 1331, if it had been filed in a federal district court in the first place." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1003 (8th Cir. 2000). Here the answer is yes, and the Court will deny plaintiff's motion to remand.

Counts III and V of plaintiff's complaint allege claims under the FLSA. These claims expressly invoke the federal question jurisdiction of the Court by asserting claims for retaliation and

overtime pay under federal law. Where one federal claim is present in an action, the "entire case was properly removed, and the district court was therefore *without discretion* to remand it." Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir. 1998) (emphasis added).

The Supreme Court has held that FLSA claims are properly removed because the district courts have original jurisdiction over FLSA claims under 28 U.S.C. § 1331. See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 693-94 (2003). Eighth Circuit law is also settled. "[T]he presence of even one federal claim gives the defendant the right to remove the entire case to federal court." Williams, 147 F.3d at 703 (quoting Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir.1996)).

By raising claims that arise under federal law, plaintiff subjected himself to the possibility that the defendant would remove the case to federal court. Williams, 147 F.3d at 703. Defendant properly removed this case under 28 U.S.C. § 1441, and plaintiff's motion to remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Robert G. Chapman's motion to remand the cause to the Circuit Court of St. Louis County, Missouri is **DENIED**. [Doc. 25]

                                                                  /s/ Charles A. Shaw
                                                                  **CHARLES A. SHAW**
                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this   19th   day of February, 2013.