**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT G. CHAPMAN, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | No. 4:12-CV-1892 CAS |
| ) | |
| THE WASHINGTON UNIVERSITY, ) | |
| KENNETH KELLER and MARCIA ) | |
| MANNEN, ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss defendants' counterclaim for failure to state a claim upon which relief can be granted. Defendants oppose the motion. The matter is fully briefed and ready for decision. For the following reasons, the Court will deny plaintiff's motion.

**Background**

Plaintiff brings this employment action against defendant The Washington University (the "University") and two of its employees, defendants Kenneth Keller and Marcia Mannen. Plaintiff was a full-time employee of the University in its Arts & Sciences Computing Department from September 1997 to December 21, 2011. Plaintiff alleges defendants violated the FLSA and Missouri Wage Law, constructively and wrongfully discharged him, and failed to pay him overtime wages. Defendants deny the allegations and have filed a counterclaim for declaratory judgment. Plaintiff moves to dismiss the counterclaim as redundant, stating that defendants may achieve the same relief they seek in their counterclaim by successfully defending themselves in the main action.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the non-moving party the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

Plaintiffs' first amended complaint is brought in seven counts: constructive discharge against the University (Count I); wrongful discharge (whistleblowing) against the University (Count II); retaliation under the FLSA against the University (Count III); failure to pay overtime wages under Missouri Wage Laws against the University (Count IV); failure to pay overtime wages under FLSA against the University (Count V); age discrimination under the MHRA against all defendants (Count VI); and retaliation under the MHRA against all defendants (Count VII). In their counterclaim, defendants seek a declaration that defendants did not violate the FLSA, ADEA, the MHRA, did not wrongfully discharge plaintiff in violation of public policy, and did not violate the Missouri Wage Law. Additionally, in Counts I and III of the counterclaim, defendants seek costs and attorneys' fees on the grounds that plaintiff's FLSA claims are brought in bad faith and his MHRA claims are without foundation.

A counterclaim may request declaratory relief if the requirements for pleading are otherwise met. 3 James Wm. Moore et al., Moore's Federal Practice ¶ 13.41(3d ed. 2012). Some courts

prohibit declaratory judgment counterclaims, finding them redundant. Id. (citing Tenneco, Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985)).  But, "[t]hese decisions appear unjustified under the text of Rule 13." Id.

If the Court cannot determine early in the litigation if the counterclaim is identical to the complaint, "'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Fidelity Nat'l Title Ins. Co. v. Captiva Lake Invs., LLC, 788 F. Supp. 2d 970, 973 (E.D. Mo. 2011) (quoting Richmond v. Centurion Exteriors, Inc., 2010 WL 3940592 (M.D. Tenn. Oct. 6, 2010)).

Defendants' counterclaim is not redundant of plaintiff's first amended complaint. The amended complaint and the counterclaim involve different statutes and types of claims.  For example, plaintiff did not bring a claim for age discrimination or retaliation under the ADEA in his amended complaint, despite having filed an administrative charge against defendants under the ADEA alleging such discrimination and retaliation. In their counterclaim, however, defendants seek a declaration that they did not violate the ADEA.  Additionally, the counterclaim seeks relief on behalf of all defendants under the FLSA, ADEA and the common law.  Whereas, the first amended complaint did not name defendants Keller and Mannen as defendants in plaintiff's FLSA or common law claims.  Finally, in Counts I and III of the counterclaim, defendants seek costs and attorneys' fees on the grounds that plaintiff's FLSA claims are brought in bad faith and plaintiff's MHRA claims are without foundation.  Again, this claim for relief is beyond the scope of plaintiff's amended complaint.

The Court finds that defendants' counterclaim for declaratory relief meets the case and controversy requirement and is not wholly redundant.  Nor will the counterclaim be unnecessary or

moot if the main claim has been resolved. Because defendants' counterclaim is not redundant of plaintiff's first amended complaint, the motion to dismiss defendants' counterclaim for declaratory judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Robert G. Chapman's motion to dismiss the counterclaim is **DENIED**. [Doc. 38]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of July, 2013.